IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Progressive Northern Insurance Co. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>G&J Trucking LLC, Gean Marcos Esteves )<br>Duarte, Howard B. Mills, Nash W. Mills, )<br>Phoebe Mills, United Infrastructure Group, )<br>Inc., United Demolition, LLC, Preferred )<br>Materials, Inc., APAC-Atlantic, Inc. )<br>)<br>)<br>Defendants. )<br>) | C.A. No.: 9:24-cv-06395-BHH<br><br>**COMPLAINT FOR<br>DECLARATORY RELIEF** |

Plaintiff, Progressive Northern Insurance Co., by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

**PARTIES AND JURISDICTION**

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. Progressive Northern Insurance Co. ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Ohio.

3. Defendant G&J Trucking LLC ("G&J Trucking") is a South Carolina limited liability company.

1

5346181.2

4. No member of G&J Trucking LLC is a citizen and resident of the States of Wisconsin or Ohio.

5. Defendant Gean Marco Esteves Duarte ("Duarte") is a citizen and resident of the State of South Carolina, Beaufort County.

6. Defendant Howard B. Mills ("Howard Mills") is a citizen and resident of the State of South Carolina, Beaufort County.

7. Defendant Nash W. Mills ("Nash Mills") is a citizen and resident of the State of South Carolina, Beaufort County.

8. Defendant Phoebe Mills ("Phoebe Mills") is a citizen and resident of the State of South Carolina, Beaufort County.

9. Defendant United Infrastructure Group, Inc. ("UIG") is a corporation organized and existing pursuant to the laws of the State of South Carolina and has its principal place of business in the State of South Carolina.

10. Defendant United Demolition, LLC ("UD") is a subsidiary of UIG and is a South Carolina limited liability company.

11. No member of UD is a citizen and resident of the States of Wisconsin or Ohio.

12. Defendant Preferred Materials, Inc. ("Preferred") is a corporation organized and existing pursuant to the laws of the State of Georgia and has its principal place of business in the State of Georgia, but was doing business in the State of South Carolina at all times relevant to the matters addressed in this action.

13. Defendant APAC-Atlantic, Inc. ("APAC") is a corporation organized and existing pursuant to the laws of the State of Delaware and has its principal place of business in the State of

Florida, but was doing business in the State of South Carolina at all times relevant to the matters addressed in this action.

14. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. In further support of the amount in controversy requirement being met, the underlying personal injury action giving rise to this insurance coverage litigation alleges "catastrophic and life-threatening bodily injuries" to Howard Mills and Nash Mills, including but not limited to the following alleged injuries to Howard Mills: broken left hand, concussion with significant loss of consciousness, swelling of legs, hips, shoulder, torn ACL, and blood clot in his lungs, impairing his ability to work"; and the following alleged injuries to Nash Mills: fractured right femur, right great toe fracture, fractured nose, knee effusion, and bilateral pulmonary contusion.

15. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) and Local Civ. Rule 3.01(A)(1) (D.S.C.), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district insofar as the underlying accident that gives rise to this Action occurred at an address located within this District and Division and, alternatively, because Defendants Howard Mills, Nash Mills, Phoebe Mills, and Duarte are residents of Beaufort County, which is located within this Division.

## FACTUAL BACKGROUND

### A. *Accident and Relation of the Parties*

16. On or about July 1, 2021, on S.C. Highway 21/Sea Island Parkway, in Beaufort County, South Carolina, Duarte was operating 2005 Mack Dump Truck (the "Subject Vehicle")

when he was involved in a motor vehicle accident with a Prius owned by Howard Mills that was being operated by Nash Mills and in which Howard Mills was an occupant (the "Accident").

17. Upon information and belief, at the time of the Accident, Duarte was operating the Subject Vehicle under the motor carrier authority of G&J Trucking to haul dirt/debris in connection with the "US 21 over Harber River Bridge Replacement Project" (the "Project").

18. Upon information and belief UIG was a general contractor for the Project.

19. Upon information and belief, UD was a general contractor for the Project.

20. Upon information and belief, Preferred was a subcontractor to UIG and/or UD for the Project.

21. Upon information and belief, APAC was a subcontractor to UIG and/or UD for the Project.

22. Prior to the Accident, G&J Trucking had entered into a Trucking Agreement with Preferred dated October 21, 2018 pursuant to which G&J Trucking would provide "hauling and trucking services" to Preferred (the "Trucking Agreement"). A true and accurate copy of the Trucking Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

23. Upon information and belief, pursuant to the Trucking Agreement or a separate written or oral agreement with UIG, UD, Preferred, and/or APAC, G&J Trucking agreed to haul dirt/debris in connection with the Project and Duarte was operating the Subject Vehicle in furtherance of such agreement at the time of the Accident.

### B. *The Progressive Policy*

24. At the time of the Accident, Progressive had issued to G&J Trucking a Commercial Auto liability policy, Policy No. 00301246-2 with effective dates of January 14, 2021 through January 14, 2022 and Part I—Liability to Others limits of $1,000,000 CSL (the "Progressive

Policy"). A true and accurate copy of the Progressive Policy is attached hereto as **Exhibit B** and incorporated herein by reference.

27. APAC and Preferred were listed as Additional Insureds by endorsement (Form 1198) on the Progressive Policy.

26. The Subject Vehicle was specifically described on the declarations page to the Progressive Policy at the time of the Accident.

27. The Progressive Policy provides, in relevant part, as follows:

as follows:

**GENERAL DEFINITIONS**

The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.

6. **"Insured contract"** means:
   a. A lease of premises;
   b. A sidetrack agreement;
   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

3

   e. That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the tort liability that is vicariously imposed on another for **your** negligence or that of **your** employees or agents; or
   f. That part of any contract or agreement, entered into as part of **your** business, for the rental of an **insured auto**. However, such contract or agreement shall not be considered an **insured contract** to the extent that it obligates **you** or any of **your** employees to pay for **property damage** to any **auto** rented or leased to **you** or any of **your** employees.

   An "**insured contract**" does not include that part of any contract or agreement:
   1. That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or
   2. That pertains to the loan, lease or rental of an **auto** to **you** or any of **your** employees, if the **auto** is loaned, leased or rented with a driver; or
   3. That holds a person or organization engaged in the business of transporting property by **auto** for hire harmless for **your** use of an **insured auto** over a route or territory that person or organization is authorized to serve by public authority.

16. **"We," "us"** and **"our"** mean the company providing this insurance as shown on the **declarations page**.

17. **"You," "your"** and **"yours"** refer to the named insured shown on the **declarations page**.

6

5346181.2

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT - LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I - Liability To Others, **insured** means:
   1. **You** with respect to an **insured auto**.
   2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
      (a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
      (b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto**.
      (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
      For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
   3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

   If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

**EXCLUSIONS** - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.

Coverage under this Part I, including **our** duty to defend, does not apply to:

5346181.2

> 2. **Contractual**
>    Any liability assumed by an **insured** under any contract or agreement, unless the agreement is an **insured contract** that was executed prior to the occurrence of any **bodily injury** or **property damage**.
>
>    However, this exclusion does not apply to liability for damages that an **insured** would have in the absence of the contract or agreement.
>
> **LIMIT OF LIABILITY**
>
> **We** will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:
> 1. the number of premiums paid;
> 2. the number of **insured autos** or trailers shown on the **declarations page**;
> 3. the number of policies issued by **us**;
> 4. the number of vehicles or **insureds** involved in an **accident**; or
> 5. the number of claims or lawsuits arising out of an **accident**,
>
> subject to the following:

The Additional Insured endorsement (Form 1198) on the Progressive Policy, naming Preferred and APAC as additional insureds by endorsement, provides as follows:

> The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page**.
>
> **Limit of Liability**
> | | |
> |---|---|
> | Bodily Injury | Not applicable |
> | Property Damage | Not applicable |
> | Combined Liability | $1,000,000 each **accident** |
>
> All other terms, limits and provisions of this policy remain unchanged.

### C.  *Prior Settlement Under the Progressive Policy and Covenant Not to Execute*

28. Following the Accident, various claims were made by Howard Mills, Nash Mills, and Phoebe Mills (collectively hereinafter the "Mills") under the Progressive Policy.

29. On September 6, 2022, in exchange for the full $1,000,000 liability limits available under the Progressive Policy, the Mills executed a Covenant Not to Execute (the "Covenant") in favor of G&J Trucking, Duarte, Edith Smith (the owner of G&J Trucking) and "any other person or organization who qualifies as an insured under the [Progressive Policy]" (collectively

8

5346181.2

"Covenantees"). A true and accurate copy of the Covenant is attached hereto as **Exhibit C** and incorporated herein by reference.

30. In the Covenant, the Mills reserved their right to pursue claims and/or a lawsuit against the Covenantees but agreed, in exchange for the limits of the Progressive Policy, to not pursue any judgment from the assets of the Covenantees such that any judgment could be solely satisfied by any other available insurance that inured to the benefit of Covenantees.

### D. *The Underlying Lawsuit*

31. On March 2, 2023, the Mills filed a personal injury lawsuit against UIG and UD, and on June 20, 2024 the Mills amended their pleading to include claims against UIG, UD, Preferred, and APAC (the "Underlying Lawsuit"). A true and accurate copy of the operative complaint in the Underlying Lawsuit is attached hereto as **Exhibit D** and incorporated herein by reference.

32. The Mills did not allege any causes of action against G&J Trucking or Duarte in the Underlying Lawsuit.

33. In the Underlying Lawsuit, the Mills allege causes of action against UIG, UD, Preferred and APAC for (1) negligence/gross negligence in a) selecting and or hiring employees, b) selecting and hiring independent contractors, c) selecting and hiring individuals and entities with which it would engage in a joint venture, d) ensuring that the Subject Vehicle was in a safe and operational condition before loading it with a load, e) in loading the Subject Vehicle with a load that the Subject Vehicle could not safely carry, and f) in other particulars as will be discovered in discovery and shown at trial; (2) negligent and grossly negligent hiring/selection in selecting an agent, employee, independent contractor, or joint venture participant (i.e., Duarte and/or G&J Trucking) that was not qualified to maintain the Subject Vehicle, operate the Subject Vehicle, or

9

5346181.2

ensure it was in a safe and operational condition and was not overloaded; (3) negligent and grossly negligent training by failing to provide training to G&J Trucking an Duarte and those who were responsible for ensuring that the Subject Vehicle was in a safe and operational condition and how to safely load the Subject Vehicle; (4) negligent and grossly negligent supervision by failing to use reasonable care in supervising G&J Trucking, Duarte, those who were responsible for ensuring the Subject Vehicle was safe and operational and properly/safely loaded; and (5) negligence per se in overloading the Subject Vehicle in violation of state and federal safety statutes/regulations.

34. Paragraph 35 of the operative complaint in the Underlying Lawsuit alleges UIG, UD, Preferred and APAC "are also responsible for the actions and omissions of Duarte and G&J Trucking LLC under *respondeat superior* and due to their joint venture."

35. UD and UIG have tendered the defense of the Underlying Lawsuit to Progressive for defense and indemnification under the Progressive Policy.

36. APAC and Preferred have tendered the defense of the Underlying Lawsuit to Progressive for defense and indemnification under the Progressive Policy.

### E.     The Third Party Complaint

37. On June 24, 2024, UIG and UD filed their Answer in the Underlying Lawsuit but in connection therewith also filed a Third-Party Complaint against G&J Trucking (the "Third-Party Complaint"). A true and accurate copy of UIG and UD's Answer, Crossclaim, and Third-Party Complaint filed in connection with the Underlying Lawsuit is attached hereto as **Exhibit E** and incorporated herein by reference.

38. In the Third-Party Complaint, UIG and UD allege as follows:

   a. Preferred and APAC were subcontractors to UIG and UD on the Project and Preferred and APAC's duties including hauling away dirt and other debris from the Project site

      b. Preferred and/or APAC subcontracted with G&J Trucking to haul dirt away from the Project

      c. Preferred and/or APAC informed UIG and UD that it needed to hire G&J Trucking LLC to fulfill its Disadvantaged Business Enterprise requirements

      d. The contract between UIG and UD and Preferred and APAC contains various indemnity provisions

      e. G&J Trucking was a sub-subcontractor to UIG and UD in relation to the Project

39. In the Third-Party Complaint, UIG and UD allege the following causes of action against G&J Trucking: (1) negligence; (2) indemnity; (3) contribution; and (4) breach of contract.

40. Progressive is affording G&J Trucking a defense to the Third-Party Complaint pursuant to a full reservation of rights to deny coverage under the Progressive Policy.

### F. *Actual, Present, and Adverse Interests are Ripe for Adjudication*

41. Defendants each have an interest in the outcome of this declaratory judgment action, namely whether there is any coverage, including any defense or indemnification obligation, under the Progressive Policy in relation to the causes of action alleged against UIG, UD, Preferred and APAC in the Underlying Lawsuit or with respect to the Third-Party Complaint, and as such are necessary, interested parties pursuant to 28 U.S.C. § 2201.

42. Progressive and the Defendants have an actual, present, adverse, and antagonistic interest in the subject matter described hereinabove.

43. All proper and present antagonistic interests or all parties having any interest in the outcome and adjudication of the present controversy are before the Court by proper process.

44. Progressive is in doubt with respect to its rights under the Progressive Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Progressive Policy with respect to claims asserted by or against the Defendants in the Underlying Lawsuit and/or the Third-Party Complaint.

11

5346181.2

45. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances presently existing.

46. This dispute is presently ripe for adjudication because Progressive is currently sustaining damages in the form of defense costs and attorneys' fees incurred in defending G&J Trucking with respect to the Third-Party Complaint pursuant to a full reservation of rights.

## FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment as to Progressive Policy in Relation to Claims Against UIG, UD, Preferred, and APAC in the Underlying Lawsuit)**

47. Progressive restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

48. In the Underlying Lawsuit the Mills only allege acts of "independent negligence" against UIG, UD, Preferred, and APAC. *See, e.g. James v. Kelly Trucking Co.*, 661 S.E.2d 329, 331 (2008) ("As this recitation suggests, the employer's liability under such a theory ***does not rest on the negligence of another***, ***but on the employer's own negligence***. Stated differently, the employer's liability under this theory is not derivative, it is direct.") (emphasis added).

49. In the Underlying Lawsuit the Mills do not allege liability against UIG, UD, Preferred, and APAC premised upon any *respondeat superior*/vicarious liability theory for the purported negligence of Duarte and/or G&J Trucking, but instead, are seeking to hold UIG, UD, Preferred and APAC liable for their independent acts of negligence.

50. UIG, UD, Preferred and APAC would only qualify as "insureds" entitled to liability coverage under the Progressive Policy with respect to claims alleging vicarious liability upon them based upon the purported negligence of another "insured" under the Progressive Policy. More specifically:

12

5346181.2

a. The "Who is An Insured" provision of Part I—Liability to Others coverage of the Progressive Policy includes an omnibus insured provision defining "insured" to include "any other person or organization, **but only** with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability to Others."

b. While APAC and Preferred are included on the Additional Insured endorsement (Form 1198) on the Progressive Policy, that endorsement limits insured status thereunder to claims holding the Additional Insured vicariously liable for the liability of another insured under the Policy. The Additional Insured endorsement specifically provides "[t]he person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, this insurance applies to said **insured only as a person liable for the conduct of another insured** and then only to the extent of that liability."

c. The "Insured Contract" exception to the contractual liability exclusion to coverage under the Progressive Policy only affords for claims of vicarious liability for the negligence of G&J Trucking LLC. "Insured contract" is defined as "[t]hat part of any other contract or agreement pertaining to **your** [i.e. G&J Trucking LLC] business . . . under which **you assume the tort liability that is vicariously imposed on another for your negligence** or that of **your** employees or agent . . . ."

51. Insofar as the Mills do not allege in the Underlying Lawsuit any causes of action against UIG, UD, Preferred and APAC based upon vicarious liability or *respondeat superior* liability premised upon the purported negligence of any other "insured" under the Progressive Policy, including but not limited to G&J Trucking or Duarte, but instead merely alleges acts of independent negligence against UIG, UD, Preferred, and APAC, there is no coverage afforded to UIG, UD, Preferred, or APAC in relation to the Accident and the claims alleged against each in the Underlying Lawsuit.

52. Additionally, and alternatively, to the extent that UIG, UD, Preferred, and APAC are held liable in the Underlying Lawsuit under any vicarious liability/*respondeat superior* theory premised upon the alleged negligence of G&J Trucking and/or Duarte in connection with the Accident, UIG, UD, Preferred, and APAC would qualify as a Covenantee entitled to the full

13

5346181.2

protections of the Covenant, including but not limited to any such judgment only being collectable against any liability insurance other than the Progressive Policy.

53. To the extent that UIG, UD, Preferred, and APAC qualify as an "insured" entitled to any coverage under the Progressive Policy in relation to the Accident and the causes of action alleged against each in the Underlying Lawsuit, Progressive has fully satisfied any obligation under the Progressive Policy, including any duty to defend or indemnify, to each by securing the Covenant that inures to the benefit of UIG, UD, Preferred, and APAC. *See Cobb v. Benjamin*, 482 S.E.2d 589, (S.C. Ct. App. 1997) (citing *Nationwide Mut. Ins. Co. v. Tate*, 438 S.E.2d 266, 268 (S.C. Ct. App. 1993)).

54. Alternatively, to the extent UIG, UD, Preferred, and APAC qualify as an "insured" under the Progressive Policy with respect to any claims arising out of the Accident or the claims alleged against each in the Underlying Lawsuit, Progressive has no ongoing duty to defend or indemnify any individual or entity under the Progressive Policy insofar as Progressive has previously exhausted the full limit of liability coverage available under the Progressive Policy to secure the Covenant.

55. For each of the foregoing reasons, UIG, UD, Preferred, and APAC do not qualify as an "insured" entitled to defense and indemnification obligations from Progressive under the Progressive Policy with respect to the Accident and the causes of action alleged against each in the Underlying Lawsuit, or alternatively, to the extent any qualify as an "insured" under the Progressive Policy, Progressive has fully satisfied any duties it would owe under the Progressive Policy by securing the Covenant from the Mills in exchange for the full tender of available liability limits under the Progressive Policy.

5346181.2

## FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment as to Progressive Policy in Relation to Third-Party Complaint)**

56. Progressive restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

57. Insofar as, for the reasons set forth in the preceding cause of action, there is not coverage under the Progressive Policy in favor of UIG, UD, Preferred, or APAC with respect to the causes of action alleged against each by the Mills in the Underlying Lawsuit, or alternatively to the extent there is any coverage under the Progressive Policy in favor of UIG, UD, Preferred, or APAC with respect to the cause of action alleged against each by the Mills in the Underlying Lawsuit then Progressive has fully satisfied any duties it would owe under the Progressive Policy by securing the Covenant from the Mills in exchange for the full tender of available liability limits under the Progressive Policy, then the Progressive Policy does not afford coverage in favor of G&J Trucking with respect to the causes of action alleged against it in the Third-Party Complaint.

58. To the extent G&J Trucking is held liable to UIG, UD, Preferred, or APAC in relation to the Accident and/or the Underlying Lawsuit, any such liability is purely contractual in nature and for which G&J Trucking would not be entitled to coverage, including any defense and indemnification, under the Progressive Policy.

59. Additionally, and alternatively, to the extent there is any coverage in favor of G&J Trucking with respect to the claims alleged against it in the Third-Party Complaint, Progressive has no ongoing duty to defend or indemnify G&J Trucking in relation thereto by virtue of the prior exhaustion of the full limits of liability coverage available under the Progressive Policy in connection with obtaining the Covenant.

60. For each of the foregoing reasons, Progressive is entitled to an Order holding:

5346181.2

i. UIG, UD, Preferred, and APAC do not qualify as an "insured" under the Progressive Policy in relation to the Accident and the claims alleged against each in the Underlying Lawsuit;

ii. The Progressive Policy does not afford coverage in favor of UIG, UD, Preferred, or APAC in relation to the Accident and the claims alleged against each in the Underlying Lawsuit, and accordingly Progressive has no duty to defend or indemnify UIG, UD, Preferred, or APAC in relation to the Underlying Lawsuit;

iii. Alternatively, to the extent UIG, UD, Preferred, and APAC qualify as an "insured" under the Progressive Policy with respect to any claims arising out of the Accident or the claims alleged against each in the Underlying Lawsuit, UIG, UD, Preferred, and APAC would qualify as a Covenantee entitled to the protections of the Covenant, and as such, Progressive has satisfied any obligation or duty owed to each under the Progressive Policy and therefore Progressive has no ongoing duty to defend or indemnify UIG, UD, Preferred, and APAC in relation to the Underlying Lawsuit;

iv. Alternatively, to the extent UIG, UD, Preferred, and APAC qualify as an "insured" under the Progressive Policy with respect to any claims arising out of the Accident or the claims alleged against each in the Underlying Lawsuit, Progressive has no ongoing duty to defend or indemnify any individual or entity insofar as Progressive has previously exhausted the full limits of liability coverage available under the Progressive Policy to secure the Covenant;

v. The Progressive Policy does not afford coverage, including any duty to defend or indemnify, in favor of G&J Trucking with respect to the claims alleged against G&J Trucking the Third-Party Complaint;

5346181.2

    vi. Alternatively, to the extent the Progressive Policy does afford coverage in favor of G&J Trucking with respect to the claims alleged against G&J Trucking in the Third-Party Complaint, Progressive has no ongoing duty to defend or indemnify any individual or entity insofar as Progressive has previously exhausted the full limits of liability coverage available under the Progressive Policy to secure the Covenant.

WHEREFORE, Progressive Northern Insurance Co. prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 11th day of November, 2024.

                s/Robert "Rocky" C. Rogers
                Robert "Rocky" C. Rogers (Fed Bar #11655)
                Chris Wray (Fed Bar #13878)
                Moseley Marcinak Law Group LLP
                PO Box 26148
                Greenville, South Carolina 29616
                (864) 248-6025 (864) 248-6035 (Fax)
                Rocky.Rogers@momarlaw.com
                Chris.Wray@momarlaw.com
                *Attorneys for Plaintiff,*
                *Progressive Northern Insurance Co.*

5346181.2