# EXHIBIT D

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO. 2023-CP-07-00411 |
| ) | |
| HOWARD B. MILLS, NASH W. MILLS ) AND PHOEBE MILLS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **AMENDED SUMMONS** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| UNITED INFRASTRUCTURE GROUP, ) INC., UNITED DEMOLITION, LLC, ) PREFERRED MATERIALS, INC. AND ) APAC-ATLANTIC, INC., ) | |
| ) | |
| Defendants. ) | |

TO:     DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Plaintiffs by and through their attorney(s), J. Ashley Twombley, Esquire of TWENGE + TWOMBLEY LAW FIRM, 311 Carteret Street, Beaufort, SC 29902, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.  Any answer that you serve on the parties in this action must be filed with the Clerk of Court within a reasonable period of time after service.

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

                TWENGE + TWOMBLEY LAW FIRM

BY:    _s/J. Ashley Twombley_____
        J. ASHLEY TWOMBLEY
        S.C. Bar #72916
        311 Carteret Street
        Beaufort, SC  29902
        (843) 982-0100
        twombley@twlawfirm.com
        Attorneys for Plaintiffs

Beaufort, South Carolina

June 13, 2024

- 2 -

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO. 2023-CP-07-00411 |
| ) | |
| HOWARD B. MILLS, NASH W. MILLS ) AND PHOEBE MILLS, ) | |
| ) | |
| Plaintiffs, ) | **AMENDED COMPLAINT** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| UNITED INFRASTRUCTURE GROUP, ) INC., UNITED DEMOLITION, LLC, ) PREFERRED MATERIALS, INC. AND ) APAC-ATLANTIC, INC. ) | |
| ) | |
| Defendants. | |

TO:     DEFENDANTS ABOVE NAMED:

Howard B. Mills, Nash W. Mills and Phoebe Mills, hereinafter "Plaintiffs," complaining of United Demolition, LLC, United Infrastructure Group, Inc., Preferred Materials, Inc. and APAC-Atlantic, Inc. hereinafter "Defendants," would respectfully show unto this Honorable Court and allege as follows:

### **PARTIES AND VENUE**

1.     Howard B. Mills is a citizen and resident of Beaufort County, South Carolina.

2.     Nash W. Mills is a citizen and resident of Beaufort County, South Carolina.

3.     Phoebe Mills is a citizen and resident of Beaufort County, South Carolina.

4.     Upon information and belief, United Infrastructure Group, Inc. is a corporation organized and existing pursuant to the laws of the State of South Carolina and has its principal place of business in Great Falls, South Carolina and was a general contractor on a project named "US 21 over Harbor River Bridge Replacement."

- 3 -

5. Upon information and belief, United Demolition, LLC is a subsidiary of United Infrastructure Group, LLC, is a limited liability company duly organized and existing pursuant to the laws of the State of South Carolina, has its principal place of business in North Charleston, South Carolina, and specializes in bridge structure removal along the Southeastern regions and was a general contractor on a project named "US 21 over Harbor River Bridge Replacement."

6. Upon information and belief, Preferred Materials, Inc. is a corporation organized and existing pursuant to the laws of the State of Georgia and has its principal place of business in Savannah, Georgia, but does business in the State of South Carolina, and was a subcontractor of United Infrastructure Group, Inc. and United Demolition, LLC on the project named "US 21 over Harbor River Bridge Replacement."

7. Upon information and belief, APAC-Atlantic, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware and has its principal place of business in Florida, but does business in the State of South Carolina, and was a subcontractor of United Infrastructure Group, Inc. and United Demolition, LLC on the project named "US 21 over Harbor River Bridge Replacement."

8. The accident at issue in this action occurred in Beaufort County, State of South Carolina.

9. This Court has jurisdiction over the parties and subject matter of this action.

10. Venue is proper in Beaufort County, South Carolina.

**FACTUAL BACKGROUND**

11. In 2017, the South Carolina Department of Transportation (SCDOT) began planning to replace the 82-year-old Harbor River swing-span structure with a higher fixed bridge, eventually awarding the project to the United Infrastructure Group, Inc. design-build team which

included Infrastructure Consulting & Engineering (ICE) and geotechnical subconsultant GeoEngineers.

12. On Monday, April 25, 2021, the new bridge along U.S. Highway 21/Sea Island Parkway over the Harbor River in Beaufort County officially opened.

13. Shortly thereafter, the demolition of the 82-year-old Harbor River swing-bridge began being dismantled by Defendants, with portions to be used as an artificial reef, but the other portions of the steel and concrete from the old bridge to be loaded on to dump trucks and hauled off and sold as scrap.

14. On July 1, 2021, at approximately 12:20 p.m., Plaintiff, Nash Mills, was operating a Toyota Prius owned by Howard Mills, and Howard Mills was a passenger in the Prius, traveling south on S.C. Highway 21/Sea Island Parkway, a two-lane road in the Frogmore area of Beaufort County, South Carolina.

15. Earlier that morning, United Demolition, LLC, United Infrastructure Group, Inc., Preferred Materials, Inc. and APAC-Atlantic, Inc., hereinafter "Defendants," continued demolition of the 82-year-old Harbor River swing bridge.

16. As part of the demolition, Defendants – acting directly or through agents, or employees – prepared a demolition load of rebar and concrete debris and loaded the debris into a 2005 Mac Dump Truck (hereinafter the "Dump Truck"), which was operated by Defendants – either directly or through employees or other agents – including but in no way limited to Esteves Duarte and or G&J Trucking, LLC.

17. At that time and at all other relevant times, Duarte and G&J Trucking, LLC were agents and/or employees of Defendants, or in the alternative, were individuals and entities in a joint venture with Defendants.

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

18. When Defendants loaded the Dump Truck, they were responsible for ensuring the Dump Truck was in a safe operational condition.

19. Defendants also failed to ensure the Dump Truck was in a safe operational condition.

20. In addition, Defendants were responsible for ensuring that the Dump Truck was loaded in a safe manner and with only a safe amount of weight.

21. Defendants either a) failed to weigh the load that went on the Dump Truck to save money, or b) weighed the load and overloaded the Dump Truck to save money.

22. Furthermore, even if the Dump Truck was loaded within its technical limits, no consideration was given to the age and condition of the Dump Truck, the tires on the Dump Truck, and other improper and obvious mechanical problems with the Dump Truck for which Defendant knew or should have known about.

23. Finally, Defendants further failed to conduct any due diligence on its agents and employees before hiring them, and even a simple amount of due diligence would have clearly showed that Duarte and G&J Trucking, LLC had a long history of failing to maintain the Dump Truck and endangering the lives of South Carolinians, including Plaintiffs.

24. On July 1, 2021, at approximately 12:20 p.m., Duarte was driving the overloaded Dump Truck and was traveling in the opposite direction as Plaintiffs on S.C. Highway 21/Sea Island Parkway, a two-lane road in the Frogmore area of Beaufort County, South Carolina, in the Dump Truck which was overloaded and also in disrepair.

25. In light of the Dump Truck being overloaded and in a state of disrepair, Duarte was unable to stop the Dump Truck in a safe manner, which caused him to veer left to avoid a car in front of him and another car to his right.

26. Duarte then crossed the center line of Highway 21 and hit Plaintiffs' vehicle head on at a high rate of speed.

27. The impact crushed the Toyota Prius and caused catastrophic and life-threatening bodily injuries to both Plaintiffs, Howard and Nash Mills.



28. In addition, the collision destroyed Plaintiffs' vehicle and other miscellaneous personal property.

29. 911 dispatched Beaufort County EMS to the scene and the EMTs applied a c-collar to Howard Mills and emergently transported him to the hospital in Beaufort, South Carolina.

30. Nash Mills had a c-collar applied at the scene, was placed on a backboard, given

fentanyl, ketamine, Zofran intravenously and was airlifted to a hospital in Savannah, Georgia.

31. As a result of the collision, Plaintiff, Howard Mills, suffered serious physical and mental injuries including a broken left hand, concussion with significant loss of consciousness, swelling of legs, hips, shoulder, torn ACL, and blood clot in his lungs, impairing his ability to work.

32. As a result of the collision, Plaintiff, Nash Mills, suffered serious physical injuries including a fractured right femur, right great toe fracture, fractured nose, knee effusion, and bilateral pulmonary contusion.

33. As a result of the collision, Plaintiff, Phoebe Mills, suffered a loss of consortium.

34. Defendants were negligent, careless, reckless, grossly negligent, willful and wanton at the time and place above mentioned for negligently selecting and hiring Duarte and G&J Trucking, LLC; negligently failing to ensure that the Dump Truck Duarte was driving was in a safe operational condition; and in overloading the Dump Truck.

35. In any event, Defendants are also responsible for the actions and omissions of Duarte and G&J Trucking, LLC under *respondent superior* and due to their joint venture.

36. In addition, Defendants were negligent in failing to select, train, supervise, monitor and discipline their independent contractors, agents and employees to prevent the above matters from occurring, or in the alternative, in failing to appropriately select an independent subcontractor or appropriate entity/individual for a joint venture.

37. Defendants were independently negligent in overloading the Dump Truck, in failing to ensure the Mack Dump Truck was maintained, and more specifically in failing to ensure that the Dump Truck was in a safe and operational condition.

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

**FOR A FIRST CAUSE OF ACTION**

(Negligence and Gross Negligence)

38. Plaintiffs incorporate herein and reallege as if fully set forth in this paragraph, all of the prior allegations.

39. Defendants owed a duty to Plaintiffs to use reasonable care in a) selecting and or hiring employees, b) selecting and hiring independent contractors, c) selecting and hiring individuals and entities in which it would engage in a joint venture, d) ensuring that the Dump Truck was in a safe and operational condition before loading it with a load, d) in loading the Dump truck with a load that the Dump Truck could safely carry, and e) in other particulars as will be discovered in discovery and shown at trial.

40. Defendants breached all of the duties set forth above and as stated herein and were further grossly negligent and reckless in the breach of these duties.

41. The breach of these duties was the direct and proximate cause of Plaintiffs' injuries.

42. Plaintiffs were damaged because of these breaches.

**FOR A SECOND CAUSE OF ACTION**

(Negligent and Grossly Hiring/Selection)

43. Plaintiffs incorporate herein and reallege as if fully set forth in this paragraph, all of the prior allegations.

44. Defendants owed a duty to Plaintiffs to use reasonable care in selecting and hiring G&J Trucking, LLC and Duarte and ensuring that they could properly drive, work and maintain the safety features of the Dump Truck that was being loaded by Defendants and then by Duarte.

45. Defendants breached that duty to Plaintiffs by selecting an agent, employee, independent contractor, or joint venture participant that was not qualified to maintain the Dump

- 9 -

Truck, operate the Dump Truck, or ensure if was in a safe and operations condition.

46.     Defendants further owed a duty to Plaintiffs to use reasonable care in selecting and hiring agents and other employee that could ensure that the Dump Truck was in a safe and operational condition before loaded and weigh loads and ensure that Dump Truck was not overloaded.

47.     Defendants breached these duties to Plaintiffs by selecting an agent, employee, independent contractor, or joint venture participant that was not qualified to ensure the Dump Truck was in a safe and operational condition and was not overloaded.

48.     The breach of these duties was the direct and proximate cause of Plaintiffs' serious and life-threatening injuries and Phoebe Mills' loss of consortium.

49.     Plaintiffs were damaged as a result of these breaches.

## FOR A THIRD CAUSE OF ACTION

(Negligent and Grossly Negligent Training)

50.     Plaintiffs incorporate herein and reallege as if fully set forth in this paragraph, all of the prior allegations.

51.     Defendants owed a duty to Plaintiffs to use reasonable care in training Defendants' employees, or in the alternative, subcontractors, ensuring that their employees/subcontractors could properly ensure that the Dump Truck was in a safe and operational condition, and further, could load the Dump Truck in a safe manner, and further, could drive, operate. and maintain the Dump Truck.

52.     Defendants failed to use reasonable care in providing training to G&J Trucking and Duarte, failed to use reasonable care in training those who were responsible for ensuring that the Dump Truck was in a safe and operational condition, and failed to use reasonable care to train

those responsible for loading the Dump Truck.

53. Defendants breached that duty to Plaintiffs.

51. The breach of these duties was the direct and proximate cause of Plaintiffs' serious and life-threatening injuries and Phoebe Mills' loss of consortium.

52. Plaintiffs were damaged as a result of these breaches.

## FOR A FOURTH CAUSE OF ACTION

(Negligent and Grossly Negligent Supervision)

53. Plaintiffs incorporate herein and reallege as if fully set forth in this paragraph, all of the prior allegations.

54. Defendants owed a duty to Plaintiffs to use reasonable care in supervising a) G&J Trucking, LLC, b) Duarte, c) those who were responsible for ensuring that the Dump Truck was safe and operational before loaded, and d) those who were responsible for not overloading the Dump Truck.

55. Defendants breached that duty to Plaintiffs and acted grossly negligent and reckless.

56. The breach of these duties was the direct and proximate cause of Plaintiffs' serious and life-threatening injuries and Phoebe Mills' loss of consortium.

57. Plaintiffs were damaged as a result of these breaches.

## FOR A FIFTH CAUSE OF ACTION

(Negligence Per Se)

54. Plaintiffs incorporate herein and reallege as if fully set forth in this paragraph, all of the prior allegations.

55. Defendants owed a duty to Plaintiffs to use reasonable care while loading debris

onto the Dump Truck.

56. Defendants breached that duty to Plaintiffs by overloading the Dump Truck in violation of South Carolina and federal law, and further in failing to follow the traffic laws of South Carolina, the County of Beaufort, and the laws of the United States of America.

57. The breach of these duties and laws was the direct and proximate cause of Plaintiffs' injuries.

58. Plaintiffs were damaged as a result of these breaches.

## **DAMAGES**

That as a direct and proximate result of the acts complained of herein, Plaintiffs were injured in the following particulars, to wit: experienced pain and suffering; will continue to experience pain and suffering in the future; suffered personal injuries; incurred medical expenses; will incur medical expenses in the future; suffered a loss of enjoyment of life presently and in the future; underwent permanent changes in their bodies; lost wages; property damage; loss of consortium; and other damages to be proved at trial.

Plaintiffs are informed and believe that they are entitled to actual and punitive damages in an amount to be determined by this Honorable Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants for actual and punitive damages in an amount to be determined by a jury, for the costs of this action and for such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

ELECTRONICALLY FILED - 2024 Jun 20 2:51 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0700411

                              TWENGE + TWOMBLEY LAW FIRM

BY:    \_s/J. Ashley Twombley_____
         J. ASHLEY TWOMBLEY
         S.C. Bar #72916
         THOMAS BLASE IANDOLI
         S.C. Bar #105294
         311 Carteret Street
         Beaufort, SC  29902
         (843) 982-0100
         twombley@twlawfirm.com
         iandoli@twlawfirm.com
         Attorneys for Plaintiffs

Beaufort, South Carolina

June 13, 2024

- 13 -